WARNER, J.
We affirm the trial court’s order denying appellant’s motion for postconviction relief from his conviction and sentence for felony murder, aggravated burglary of a dwelling, and two counts of aggravated battery. To avoid the two-year time limit on motions for postconviction relief, he claimed newly discovered evidence, as he had already filed a motion for postconviction relief which was denied after evidentiary hearing. We conclude, as did the trial court, that the evidence was not newly discovered nor would it probably lead to an acquittal on retrial.
To set aside a conviction based on newly discovered evidence, the evidence must have been unknown at the time of trial, and it must appear that defendant and counsel could not have discovered the evidence through due diligence. Jones v. State, 709 So.2d 512, 521 (Fla.1998). In addition, the evidence “must be of such nature that it would probably produce an acquittal on retrial.” Jones v. State, 591 So.2d 911, 915 (Fla.1991).
In his first claim, appellant contends that counsel was ineffective for failing to suppress a taped statement he made to the detectives. This claim was raised in his first rule 3.850 motion. In the prior motion, he alleged that when he was in custody, the detective used improper tactics to circumvent Miranda. The trial court denied it after the evidentiary hearing where the court determined that he was not in custody. In this motion, he alleges that his claim is now “newly discovered,” because at the evidentiary hearing, he learned that it was a “non-custodial” statement and argues that it should have been suppressed as illegal under section 934.03, Florida Statutes. We agree with the trial court’s assessment that the claim is not based on newly discovered evidence, although his legal theory may be new. The facts upon which this claim is based were known or discoverable since the time the statement was made. In addition, appellant has not shown how suppression of this statement would have probably produced an acquittal in that he denied involvement in the incident in his statement.
His next claim alleges that he has newly discovered evidence from the postconviction evidentiary hearing that the state used false evidence against him at trial or mishandled exculpatory evidence. However, this claim was fully vetted at an eviden-tiary hearing on his first postconviction relief motion. This motion does not raise a newly discovered evidence claim.
The last two claims also involve a claim that the state created a false exhibit of appellant’s driver’s license identification card. From the time of the trial, appellant *204 claimed this license was false in that it provided an address for a residence next door to the victim, when in fact he did not live there. The address was of a woman whom the appellant knew (and may have been his girlfriend). He maintained that the state used this evidence to depict him as a liar, because he claimed he did not know the victim.
This issue was raised in the first motion for postconviction relief. At the evidentia-ry hearing, a representative of the Division of Driver Licenses testified that the address was changed approximately six months after the crime at a time when appellant was in jail. The representative could not determine how the address was changed but consulted with the secretary of the Division, who told her that the postal service would send the Division any change of address requests that it had received. These changes would be sent approximately twice a year. The Division would then update addresses in its record from this list. The trial court denied relief, concluding that the evidence did not show that the state either created or used information it knew was false.
Following the hearing, the appellant contacted the postal service. The e-mails attached to his motion show that he asked whether “the Post Office ha[s] the authority to change address[es] on Florida drivers’ licenses .... ” The postal service responded that it does not have authority to change the address. Armed with this information, the appellant claims that this “newly discovered evidence” entitles him to a new hearing, arguing if the state presented inaccurate information or acted in bad faith at trial, he should be entitled to a dismissal of the charges.
The appellant argues that the state’s deliberate presentation of false information at trial violated his due process rights, citing Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The Florida Supreme Court has recognized that there is a three-part test to establish a Giglio violation. Guzman v. State, 868 So.2d 498, 505 (Fla.2003). The defendant must show: “(1) the testimony given was false; (2) the prosecutor knew the testimony was false; and (3) the statement was material.” Id. “[T]he false evidence is material ‘if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.’ ” Id. at 506 (quoting United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)).
Like the other evidentiary issue, this issue was fully explored at the prior hearing, and the court concluded that there was a logical explanation as to how the state presented information that was not necessarily false or manufactured. The information attached to the motion does not constitute newly discovered evidence that would lead the court to conclude either that the evidence was false or that the prosecutor knew the evidence was false. First, the post office help desk informed the appellant that it had no authority to change an address on a Florida driver’s license. This is not inconsistent with the testimony of the Division representative at the prior hearing. The post office would send all of the changes of address it had collected for a period of time to the Division. It was up to the Division to make the changes on the driver’s license. Thus, the post office did not have the authority to change an address on the driver’s license. Second, nothing in the “newly discovered evidence” would show that the prosecutor knew the evidence was false or did anything to create this evidence, as is alleged by appellant. No one knows who submitted the change of address card to the post office and then to the Division of Driver Licenses. Nothing points to the *205 state as having caused the change of address. Thus, appellant has failed to meet the criteria for a Giglio violation.
The trial court’s order denying the motion for postconviction relief is affirmed.
POLEN and FARMER, JJ., concur.